# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEARL H. JACOBOWITZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK, et al., <br><br> Defendants. | Case No. 2:24-cv-03999-MEMF (PD) <br><br> **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends that Defendants' Motion to Dismiss Plaintiffs' Corrected First Amended Complaint be granted in part and denied in part, with leave to amend the pleading. (ECF No. 51.) The parties' objections to the Report (ECF Nos. 53, 55) do not merit any change to the Report's findings or recommendations.

Defendants object that their Motion to Dismiss should be granted as to the claim for a breach of the implied covenant of good faith and fair dealing. (ECF No. 53 at 4-5.) The Court agrees with the Report that Plaintiffs sufficiently alleged the elements of the claim. A reasonable factfinder could determine that the Deposit Account Agreement is ambiguous as to "exactly

which methods [U.S. Bank National Association ('USBNA')] offers for withdrawal or whether there are specific amount-based limits on those methods." (ECF No. 51 at 13.) Because the ambiguity must be interpreted against USBNA, which drafted the agreement, a reasonable factfinder could determine that USBNA breached its implied covenant when it did not provide Plaintiffs with a method for withdrawing their account funds in cash. (*Id.*)

Defendants object that their Motion to Dismiss should be granted as to the claim for violation of California's Unfair Competition Law. (ECF No. 53 at 5-7.) The Court agrees with the Report that Plaintiffs sufficiently alleged the elements of the claim. "Similar to the cause of action for breach of implied covenant of good faith and fair dealing, a reasonable factfinder could reasonably determine that Defendants' conduct in not providing Plaintiffs a method for withdrawing the account funds in cash was unfair." (ECF No. 51 at 15-16.)

Defendants object that Plaintiff should not be granted leave to amend any dismissed claims or dismissed parties because further amendment would be futile. (ECF No. 53 at 7-8.) The Court agrees with the Report that it is not clear that amendment would be futile. (ECF No. 51 at 18-19.) Moreover, "[t]he rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." *Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013) (citation omitted). The Court agrees with the Report that Plaintiffs should have an opportunity to amend their claims and the standing of Dakota Dusty Zeigerman-Jacobowitz.

Plaintiffs object that they have stated claims for breach of contract and promissory estoppel and have adequately alleged standing. (ECF No. 55 at 2, 11, 17.) The Court agrees with the Report that the current allegations are insufficient. As to the breach of contract claim, Plaintiffs' allegations are insufficient because, under the explicit terms of the applicable policy, Defendants were only required to provide Plaintiffs with the ability to withdraw funds from their account, not to provide Plaintiffs with the ability to withdraw cash from their account. (ECF No. 51 at 9; ECF No. 27-1 at 12-13.) As to the promissory estoppel claim, Plaintiffs did not allege that they were promised the funds in cash, rather than told the funds could not be provided in cash. (ECF No. 51 at 10; ECF No. 27-1 at 4-5.) As to standing, Plaintiffs did not allege that Dakota Dusty Zeigerman-Jacobowitz was the intended beneficiary of the funds. (ECF No. 51 at

17-18; ECF No. 27-1 at 3.) In any event, Plaintiffs seek an opportunity to amend their allegations (ECF No. 55 at 10, 16, 18), which is exactly what the Report recommends. Plaintiff should renew their allegations in a Second Amended Complaint.

**ORDER**

It is ordered that:

    A.    The Report and Recommendation is accepted;

    B.    Plaintiffs' Motion to File Sur-Reply is granted;

    C.    Plaintiffs' Requests for Judicial Notice are denied; and

    D.    Defendants' Motion to Dismiss is granted in part and denied in part, as follows:

        1. The following claims from the FAC are dismissed with leave to amend:

            a)    breach of contract;

            b)    promissory estoppel;

            c)    violation of the EFAA;

            d)    violation of the ECOA;

            e)    violation of the Patriot Act; and

            f)    intentional infliction of emotional distress;

        2. The following party is dismissed from the FAC with leave to amend to establish standing:

            a)    Dakota Dusty Zeigerman-Jacobowitz; and

        3. The Motion to Dismiss is denied as to the following claims:

            a)    breach of the covenant of good faith and fair dealing; and

            b)    violation of California's unfair competition law.

Dated: September 17, 2025

                                              MAAME EWUSI-MENSAH FRIMPONG
                                              United States District Judge