# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

PEARL H. JACOBOWITZ, et al.,

Plaintiffs,

v.

U.S. BANK, et al.,

Defendants.

Case No. 2:24-cv-03999-MEMF (PD)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

Plaintiffs bring this action "to redress violations of Banking Policies." (ECF No. 63.) The Report recommends that Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint be denied in part and granted in part without leave to amend. (ECF No. 91 at 1.) Plaintiffs' objections to the Report do not merit a different result.

Plaintiffs object that the Report misconstrued their promissory estoppel claim as to Defendant Farhadian. (ECF No. 93 at 2-5.) The Report recommends the dismissal of the promissory estoppel claim as to Defendant Farhadian because the

Second Amended Complaint "does not allege that Farhadian promised Jacobowitz the funds in cash." (ECF No. 91 at 13.) Although Plaintiffs point to allegations in their Second Amended Complaint about Defendant Farhadian promising to give Plaintiffs their money (ECF No. 93 at 3-4), the allegations do not include an allegation that Defendant Farhadian promised to give Plaintiffs the money *in cash*. And although Plaintiffs seek another opportunity to amend this claim (ECF No. 93 at 4), further leave to amend is not warranted. The Court already granted Plaintiffs an opportunity to amend their promissory estoppel claim with allegations that Defendant Farhadian promised the funds in cash. (ECF No. 51 at 10, 19.) Plaintiffs failed to do so. Thus, the Court agrees with the Report that the promissory estoppel claim as to Defendant Farhadian should be dismissed without further leave to amend.

Plaintiffs object that the Report misconstrued their breach of contract claim, which is based on Defendants' alleged refusal to provide Jacobowitz with free access to cash from her bank accounts upon demand. (ECF No. 93 at 5-14.) The Report recommends the dismissal of the breach of contract claim because, under the explicit terms of the Deposit Account Agreement ("DAA"), "Defendants were only required to provide Plaintiffs with the ability to withdraw funds from their account, not to provide Plaintiffs with the ability to withdraw cash from their account." (ECF No. 91 at 13; *see also* ECF No. 41 at 55.) As the Report further found, in the Second Amended Complaint, "no other terms from the DAA are alleged to change this finding." (ECF No. 91 at 14.) Plaintiffs object that the DAA's use of the word "funds" is ambiguous as to whether they were entitled to withdraw their funds in cash. (ECF No. 93 at 6.) The Court disagrees. The DAA expressly states, "Funds 'availability' means your ability to withdraw funds from our account, whether those withdrawals are to be in cash, by check, automatic payment, *or* any other method we offer you for access to your account." (ECF No. 41 at 55 (emphasis added)). As the Court previously found, "the words 'funds' and 'cash' are not the same

under this policy," and "although the language of the policy refers to cash, the term 'cash' is listed along with multiple other options for making the funds available." (ECF No. 51 at 9.) Because the express terms of the DAA did not provide an entitlement to withdraw funds exclusively in cash, Plaintiffs have not shown breach of contract because of their inability to withdraw their funds in cash. Although Plaintiffs seek another opportunity to amend this claim (ECF No. 93 at 12-13), further leave to amend is not warranted. The Court previously granted Plaintiffs an opportunity to amend their breach of contract claim with allegations that the contract provided Plaintiffs with an unrestricted right to withdraw their funds in cash. (ECF No. 51 at 9, 19.) Plaintiffs failed to do so. Thus, the Court agrees with the Report that the breach of contract claim should be dismissed without further leave to amend.

Plaintiffs object that the Report misconstrued the issue as to Plaintiff Dakota Dusty Zeigerman-Jacobowitz ("Zeigerman-Jacobowitz"). (ECF No. 93 at 14-38.) The Report recommends dismissing Zeigerman-Jacobowitz from this action for lack of standing. (Dkt. No. 91 at 14-15.) Specifically, the Second Amended Complaint "does not allege that Zeigerman-Jacobowitz was listed on the account at issue, was a beneficiary on the account, or had any contractual relationship with [U.S. Bank National Association (USBNA)]." (*Id*. at 14.) The allegations show that Zeigerman-Jacobowitz "is at most a creditor to Jacobowitz and has no connection to the bank account at issue." (*Id*. at 15.) Plaintiffs object that Zeigerman-Jacobowitz has standing as a "third party beneficiary." (ECF No. 93 at 14-15.) But as the Report found, in order for Zeigerman-Jacobowitz to have standing as a third party, there must be "a 'hindrance' to the possessor's ability to protect his own interests." (ECF No. 91 at 15 (quoting *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004)). There is no hindrance to Jacobowitz's ability to protect her own interests because Jacobowitz already is a named Plaintiff in this action. (ECF No. 91 at 15.) Plaintiff's objections do not address how they can satisfy this

hindrance requirement in light of Jacobowitz's status as a Plaintiff. Although Plaintiffs allege that they were hindered from accessing their money (ECF No. 93 at 36-38), that is not the type of hindrance used by the Report in analyzing the standing issue. Thus, the Court agrees with the Report that Zeigerman-Jacobowitz should be dismissed from this action for lack of standing.

Plaintiffs object that the Report misconstrued their breach of contract claim as brought by Zeigerman-Jacobowitz. (ECF No. 93 at 38-44.) The objection is based on Zeigerman-Jacobowitz's alleged standing as a third-party beneficiary of Jacobowitz's bank account. (*Id.*) Because Jacobowitz is a Plaintiff in this action, Zeigerman-Jacobowitz has not shown a hindrance to Jacobowitz's ability to protect her own interests. Zeigerman-Jacobowitz therefore lacks standing to raise a claim of breach of contract. Moreover, the person who does have standing, Jacobowitz, has failed to state a claim for breach of contract. Thus, the Court again agrees with the Report that Zeigerman-Jacobowitz should be dismissed as a party and that the breach of contract claim should be dismissed for failure to state a claim.

**ORDER**

It is ordered that:

(1) This Report and Recommendation is accepted;

(2) Defendants' Motion to Dismiss as to Plaintiff Dakota Dusty Zeigerman-Jacobowitz is granted without leave to amend, based on lack of standing;

(3) Defendants' Motion to Dismiss as to Plaintiff Pearl H. Jacobowitz is granted in part and denied in part, as follows:

1. First Cause of Action: Motion to Dismiss is denied.
2. Second Cause of Action: Motion to Dismiss is denied.
3. Third Cause of Action:
    a. Motion to Dismiss is granted without leave to amend as to Defendant Farhadian.
    b. Motion to Dismiss is denied as to Defendants Robinson and

USBNA.

4. Fourth Cause of Action: Motion to Dismiss is granted without leave to amend; and

(4) This action is ordered to proceed with Plaintiff Pearl H. Jacobowitz on the following:

First Cause of Action (Implied Covenant of Good Faith): against all Defendants;

Second Cause of Action (UCL): against all Defendants; and

Third Cause of Action (Promissory Estoppel): against USBNA and Robinson only.

DATED: September 30, 2026

MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE